NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK MUSCHKO<br><br>　　　　Plaintiff,<br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Civil Action No.: 19-09361 (CCC)<br><br>OPINION |

**CECCHI, District Judge.**

**I.    INTRODUCTION**

This matter comes before the Court on the appeal of Plaintiff Mark Muschko ("Plaintiff"), seeking review of a final decision of the Commissioner of the Social Security Administration ("Defendant") denying his application for disability insurance benefits ("DIB") under Sections 216(i) and 223(d) of the Social Security Act ("SSA").  For the reasons set forth below, the Court will affirm the decision of the Administrative Law Judge ("ALJ").

**II.   BACKGROUND**

　　A.  **Procedural Background**

Plaintiff initially applied for DIB on July 31, 2012, alleging disability as of December 31, 2007. Tr.[1] at 621.  After his claim was denied, Plaintiff appeared and testified at a hearing before an Administrative Law Judge ("ALJ") on March 26, 2013, and the ALJ issued a decision finding that Plaintiff was not disabled under the SSA on July 21, 2014. Id.  The Appeals Council of the Social Security Administration (the "Appeals Council") denied Plaintiff's request for review on

---

[1] "Tr." refers to the certified record of the administrative proceedings. ECF No. 7.

1

December 1, 2015. Id.  Subsequently, Plaintiff filed an appeal in the District of New Jersey, and by Opinion and Order dated January 4, 2017, the Honorable Jose L. Linares reversed the ALJ's decision and remanded the case in accordance with Section 205(g) of the SSA. Id.

Pursuant to Judge Linares' Order and a subsequent Appeals Council Order dated February 24, 2017, Plaintiff appeared and testified at a *de novo* hearing before an ALJ (hereinafter the "ALJ") on July 25, 2017, where the ALJ allowed Plaintiff to amend his alleged onset date to December 31, 2002. Id. at 621-22.  On November 22, 2017, the ALJ issued an unfavorable decision, finding that Plaintiff was not disabled under the SSA between December 31, 2002 and December 31, 2007. Id. at 630.  After allowing Plaintiff to submit exceptions to the ALJ's decision pursuant to 20 C.F.R. § 404.984, the Appeals Council denied Plaintiff's request for review on March 6, 2019 (id. at 579), and Plaintiff commenced this appeal on April 6, 2019 (ECF No. 1).

**B.  Factual Background**

Plaintiff is an adult male and was born on November 2, 1960. Tr. at 649.  He has a Bachelor of Science from a four year college and worked as a product manager in telecommunications until 2002, when his company downsized.  After he stopped working, he continued to volunteer at a local job center throughout the alleged period of disability. Id. at 624.

Plaintiff suffers from epilepsy, cervical and lumbar disc disease, chronic demyelinating inflammatory polyneuritis, mild carpal tunnel syndrome, prostatitis, and non-severe osteoporosis. Id.  During the alleged period of disability, he took medication that controlled his epilepsy. Id. at 626.  At the hearing before the ALJ, Plaintiff stated that he lived with his parents, and on a typical day during the alleged period of disability, he helped his parents with some grocery shopping and transportation to doctor's appointments, spent some time at the computer, and napped. Id. at 673-76.

III. **LEGAL STANDARD**

A. **Standard of Review**

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978) (citations omitted). Substantial evidence is more than a mere scintilla and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 09-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 224 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

B. **Determining Disability**

Pursuant to the SSA, in order to be eligible for benefits, a Plaintiff must show that he is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

3

death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Taking into account the Plaintiff's age, education, and work experience, disability will be evaluated by the Plaintiff's ability to engage in his previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).  A person is disabled for these purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)).  Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

**C. Sequential Evaluation Process**

The SSA follows a five-step, sequential evaluation process to determine whether a Plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920.  First, the ALJ must determine whether the Plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if he is not, the ALJ determines whether the Plaintiff has an impairment that limits his ability to work. *Id.*  Third, if he has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings").  If it is, or if the impairment medically equals a listing, this results in a presumption

4

of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much RFC the applicant retains in spite of his impairment. *Id.* at 253. Fourth, the ALJ must consider whether the Plaintiff's residual functional capacity ("RFC") is sufficient to perform his past relevant work. *Id.* Fifth, if his RFC is not sufficient, the ALJ must determine whether there is other work in the national economy that the Plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point that the Plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The Plaintiff bears the burden of proof at steps one, two, and four, with the burden shifting to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ's Findings

At step one, the ALJ found that Plaintiff met the insured status requirements under the SSA on his date last insured, December 31, 2007, and that Plaintiff did not engage in substantial gainful activity during the alleged period of disability. Tr. at 624. At step two, the ALJ stated that Plaintiff had the following severe impairments: epilepsy, cervical and lumbar disc disease, chronic demyelinating inflammatory polyneuritis, mild carpal tunnel syndrome, and prostatitis. Id. The ALJ determined that Plaintiff's other impairments, including his osteoporosis, were non-severe, and that there was not sufficient objective medical evidence to support finding that Plaintiff's alleged depression was a determinable impairment. Id. At step three, the ALJ concluded that none of Plaintiff's impairments met or medically equaled the severity of any impairments under the Listings, and he found that Plaintiff had the RFC to perform light work with additional limitations on his ability to stand and walk, handle extreme temperatures, carry weight, kneel, crouch, and crawl. Id. at 624-25. At steps four and five, the ALJ relied on the testimony of a vocational expert

("VE") in finding that Plaintiff could not perform his past relevant work, but that there were several jobs existing in significant numbers in the national economy during the alleged period of disability, which Plaintiff could have performed. Id. at 628-29. Accordingly, the ALJ concluded that Plaintiff was not disabled under the SSA during the period alleged. Id. at 630.

### B. Analysis

Plaintiff contends that the following infirmities in the ALJ's decision warrant remand: (1) the ALJ erred in his analysis of listing 11.14A at step three; (2) the ALJ exaggerated Plaintiff's functional capabilities in his consideration of Plaintiff's daily activities; (3) the ALJ improperly rejected state agency consultants' opinions and did not provide an adequate basis for giving only partial weight to Plaintiff's doctors' opinions; (4) the ALJ did not give sufficient weight to Plaintiff's subjective complaints; (5) the ALJ did not comply with SSR 96-8p in the RFC analysis; and (6) the ALJ did not include all of Plaintiff's identified limitations in the hypotheticals that he posed to the VE. ECF No. 11. The Court will consider each of these arguments in turn.

#### 1. Listing 11.14

"For a claimant to show that his impairment matches a listing, it must meet *all* of the specified medical criteria." *Sullivan v. Zebley*, 193 U.S. 521, 530 (1990). Under listing 11.14A, a claimant must demonstrate that he has disorganization of motor function in two extremities, which results in extreme limitations in the claimant's ability to stand up, balance while walking, or use his upper extremities. 20 C.F.R. pt. 404, subpt. P, app.1, Listing 11.14. Under listing 11.14B, a claimant must demonstrate marked physical limitations and marked limitation in one area of mental functioning. Id. Here, the ALJ found that Plaintiff did not have extreme physical limitations impacting his lower or upper extremities or marked mental limitations, and therefore, none of his impairments were so severe as to meet or medically equal listing 11. 14. Tr. at 625. In his appeal,

Plaintiff asserts that the ALJ's finding was contrary to the evidence on the record, which indicates that Plaintiff had neuropathy in his arms and legs, thus causing the extreme limitations identified under listing 11.14A. ECF No. 11 at 23-27.

"The presence of evidence in the record that supports a contrary conclusion does not undermine the [ALJ's] decision so long as the record provides substantial support for that decision." *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 764 (3d Cir. 2009). An ALJ's listing analysis is based on substantial evidence where he sufficiently develops the record and explains his decision to an extent that permits judicial review. *Jones v. Barnhart*, 364 F.3d 501, 504 (3d Cir. 2004).

Here, at step three, the ALJ cited to medical findings that Plaintiff did not have severe deficits in standing, balancing, or using his extremities under listing 11.14A. Id. at 625. Moreover, to the extent that Plaintiff's impairments could be considered under listing 11.14B, the ALJ further cited to records indicating that Plaintiff did not have difficulty understanding, remembering, applying information, or interacting with others. Id. In the RFC analysis, the ALJ elaborated on these findings and specifically considered Plaintiff's neurologists findings of no mental deficits during the period alleged, as well as physical examinations of Plaintiff from 2002 through 2007, in which Plaintiff presented a normal gait, normal strength in his extremities, and only mild to moderate sensation loss in his upper and lower extremities. Id. at 627. The ALJ also noted that Plaintiff's more recent MRIs only indicated mild to moderate degeneration to his cervical and lumbar spine.[2] Id. Reading the ALJ's decision as a whole, the Court finds that his conclusion

---

[2] Although some of the medical evidence considered by the ALJ was from medical examinations that Plaintiff underwent after the period of alleged disability, medical evidence post-dating the alleged period of disability may be material where it is "'corroborated by . . . evidence relating back to the claimed period of disability.'" *Peresolak v. Astrue*, No. 12-921, 2013 WL 5302292, at *5 (W.D. Pa. Sept. 19, 2013) (citation omitted). The ALJ specifically considered Plaintiff's MRIs

7

regarding listing 11.14 was based on substantial evidence. *See Robinson v. Comm'r of Soc. Sec.*, No. 13-916, 2014 WL 60057, at *8 (D.N.J. Jan. 6, 2014) (finding that ALJ's step three analysis was based on substantial evidence where he identified the relevant listings at step three and provided a more thorough consideration of the relevant evidence on record in the subsequent steps of the decision); *see also Rivera v. Comm'r of Soc. Sec.*, No. 16-1610, 2017 WL 3783698, at *6 (D.N.J. Aug. 31, 2017) (finding that the ALJ's step three analysis was based on substantial evidence where he stated the relevant listing at step three and proceeded to consider the relevant medical evidence in the RFC analysis).

### 2. Plaintiff's Daily Activities

Plaintiff further asserts that the ALJ erred by exaggerating Plaintiff's functional capabilities based on his own speculation when he considered Plaintiff's daily activities. ECF No. 11 at 27. Plaintiff claims that his ability to carry out daily activities such as short errands or taking his mother to church did not warrant a finding that he was not disabled under the SSA. Id. at 28.

In the RFC analysis, the ALJ described Plaintiff's daily activities during the period alleged as including caring for his personal needs and those of his parents, which included cooking, cleaning, small home repairs, errands, and exercise. Tr. at 627. These findings were consistent with Plaintiff's self-reports of daily activity and Plaintiff's statements about his activities at the hearing, to which the ALJ specifically cited in his RFC analysis. Id. The ALJ considered Plaintiff's ability to carry out these activities as one of many relevant factors in the RFC analysis. Id. at 626-28. *See Ross v. Astrue*, No. 08-57, 2009 WL 2207189, at *3 (W.D. Pa. July 22, 2009) (finding that

---

in 2008, 2011, 2015, and 2017, which showed only mild degeneration in Plaintiff's cervical and lumbar spine, relating back to Plaintiff's physical examinations during the period alleged, in which he was found to have a normal gait and only experienced mild or moderate sensation loss in his upper and lower extremities. Tr. at 627. Because this evidence relates to the claimed period of disability, it was material.

an ALJ may rely on his assessment of the claimant's daily activities as one of the many considerations in the RFC analysis). Thus, the ALJ's consideration of Plaintiff's daily activities was based on substantial evidence, and Plaintiff's apparent disagreement with the ALJ's assessment of the record and ultimate conclusion is not grounds for remand. *Moody v. Comm'r of Soc. Sec.*, No. 15-8319, 2016 WL 7424117, at *8 (D.N.J. Dec. 23, 2016).

### 3. Medical Opinions

Plaintiff next contends that the ALJ's bases for discounting the agency opinions, namely that the agency consultants never physically examined Plaintiff and did not have access to Plaintiff's medical records dated after the period of alleged disability, were insufficient. ECF No. 11 at 28. The Court disagrees. The ALJ properly discounted the agency opinions based on their conflict with evidence in the record. Tr. at 628. "[T]he ALJ is free to accept some medical evidence and reject other evidence, provided that he provides an explanation for discrediting the rejected evidence." *Zirnsak v. Colvin*, 777 F.3d 607, 614 (3d Cir. 2014); *see also Letosky v. Colvin*, No. 15-744, 2016 WL 14353, at *3 (W.D. Pa. Apr. 12, 2016) (finding that an ALJ may properly discount the opinions of a consultative examiner where the ALJ concludes that the examiner's findings are not supported by other evidence on the record). Furthermore, as described above, the ALJ is entitled to consider medical evidence from outside the dates of the period alleged where they relate to an impairment existing during the period alleged in weighing the evidence before him. *See Peresolak*, 2013 WL 5302292, at *5 (W.D. Pa. Sept. 19, 2013). Accordingly, the Court finds no error here where the ALJ referred to treatment records from both during and after the alleged period of disability, as evidence in explaining the conflict between the agency consultants' opinions and the record. Tr. at 628.

Plaintiff also argues that the ALJ erred by giving partial weight to the opinions of Plaintiff's physicians, Dr. James Lampariello, M.D., and Dr. Eric Geller, M.D. ECF No. 11 at 28-29. The ALJ only gave less weight to Dr. Lampariello's opinion insofar as it related to Dr. Lampariello's statement that Plaintiff could not maintain gainful employment, and he only discounted Dr. Geller's finding that Plaintiff's polyneuropathy was disabling. Tr. at 628. The ALJ discounted these conclusions because, without an accompanying functional assessment, they did not appear to be based on any medical evidence but were rather disability determinations, which are solely within the purview of the Commissioner of the Social Security Administration. Id.

Conclusory statements as to whether or not a claimant is disabled are not considered medical opinions entitled to any particular weight. 20 C.F.R. § 404.1527(d)(1). *See, e.g., Dixon v. Comm'r of Soc. Sec.*, 183 F. App'x 248, 252 (3d Cir. 2006). While an ALJ must still explain why he chooses to discount these conclusory statements, he may do so precisely because such conclusions do not appear to be based on medical evidence and concern the disability determination that is ultimately left to the Commissioner, as the ALJ did here. *Foor v. Berryhill*, No. 18-64, 2019 WL 1296882, at *4 (W.D. Pa. Mar. 21, 2019); *see also Sammons v. Berryhill*, No. 17-1368, 2019 WL 438332, at *8 (D. Del. Feb. 4, 2019) (finding that ALJ properly gave less weight to doctors' opinions where he did so because they were not based on medical evidence but were mere conclusions regarding claimant's functional capacity); *Swartzbaugh v. Berryhill*, No. 17-00045, 2018 WL 1937114, at *9 (M.D. Pa. Mar. 30, 2018). Based on the foregoing, the Court finds no error in the ALJ's treatment of Dr. Lampariello and Dr. Geller's statements.

4. **Plaintiff's Subjective Complaints**

Plaintiff claims that his subjective complaints of pain are entitled to great weight, and the ALJ did not provide an adequate basis for discounting them. ECF No. 11 at 29. Although a claimant's subjective complaints are generally entitled to great weight, an ALJ "may reject, in part or in

whole, subjective complaints if []he finds them not credible based on other evidence in the record." *Jones v. Colvin*, No. 13-4381, 2014 WL 2862245, at *9 (E.D. Pa. June 24, 2014) (citations omitted); *Weber v. Massanari*, 156 F. Supp.2d 475, 485 (E.D. Pa. 2001) (finding that an ALJ is entitled to discredit a claimant's subjective complaints where medical evidence, the claimant's other statements, appearance, or demeanor conflict with those subjective complaints). "The ALJ's credibility determinations are entitled to great deference and may not be discarded lightly." *Jones v. Colvin*, No. 13-4832, 2014 WL 2862245, at *9 (E.D. Pa. June 24, 2014) (citing *Reefer v. Barnhart*, 326 F.3d 376, 380 (3d Cir. 2003)).

Here, the ALJ considered Plaintiff's subjective complaints before concluding that they were not consistent with the evidence on record, in part because Plaintiff's complaints of fatigue, difficulty walking and using his extremities, and difficulty understanding were not supported by the medical records and his wide-variety of daily activities. Tr. at 626. The ALJ supported this explanation with a thorough assessment of the relevant medical records, including those from Plaintiff's treating neurologist who did not find that Plaintiff exhibited any deficiencies in understanding or concentrating, and records of Plaintiff's cervical and lumbar disease, which demonstrated that Plaintiff had a normal gait and normal strength in his extremities, with at most a mild or moderate sensation loss, and consideration of Plaintiff's daily activities. Id. at 627. Accordingly, the Court finds that substantial evidence supports the ALJ's credibility determination. *See, e.g., Mateo v. Berryhill*, No. 16-1057, 2018 WL 1965286, at *3 (M.D. Pa. Apr. 25, 2018) (finding that the ALJ properly discounted claimant's subjective complaints of fatigue where those complaints were contradicted by claimant's self-report of daily activities and the record as a whole); *see e.g., Jones*, 2014 WL 2862245, at *9.

### 5. SSR 96-8p

Plaintiff also asserts that the ALJ provided conclusory determinations in his RFC analysis, in violation of SSR 96-8p (ECF No. 11 at 32), which states that the RFC analysis must include a "function-by-function assessment based upon all the relevant evidence" regarding the claimant's functional capabilities. *Sullivan v. Comm'r of Soc. Sec.*, No. 12-7668, 2013 WL 5973799, at *8 (D.N.J. Nov. 8, 2013) (quoting SSR 96-8p). "In order to meet the requirements of 96-8p, the ALJ 'must specify the evidence that he relied upon to support his [or her] conclusion.'" *Id.* (D.N.J. Nov. 8, 2013) (quoting *Pearson v. Barnhart*, 380 F. Supp. 2d. 496, 506 (D.N.J. 2005)). However, "so long as the ALJ's RFC determination is supported by substantial evidence in the record," the ALJ need not adhere to the strict formula of a function-by-function analysis. *Tenorio v. Berryhill*, No. 16-3760, 2017 WL 4548057, at *4 (E.D. Pa. Oct. 11, 2017) (citation omitted).

Nevertheless, the Court finds that the ALJ did provide a function-by-function assessment here, and thus, his RFC determination was based on substantial evidence. The ALJ considered Plaintiff's subjective complaints regarding each of his impairments, before discussing the medical records corresponding to each impairment separately. He then discussed the relevant opinion evidence before turning to his analysis of how all of the limitations identified were to be considered in making the ultimate RFC determination. Tr. at 626-28. Thus, the Court finds no error in the ALJ's RFC analysis.

### 6. Vocational Expert Hypotheticals

Finally, Plaintiff contends that the ALJ did not include all of his limitations, in particular his pain and numbness in his upper extremities and difficulty walking, in the hypotheticals that he posed to the VE, and therefore, the ALJ's ultimate conclusions at step five were not based on substantial evidence. ECF No. 11 at 31-34. However, as Defendant points out, the ALJ fully

accounted for Plaintiff's RFC limitations in his hypothetical (tr. at 688-89). ECF No. 12 at 33. The ALJ was not required to provide hypotheticals regarding the alleged upper extremity limitations, as the ALJ already explained why Plaintiff's claims of severe upper extremity limitations were not credible based on medical evidence considered in both his analysis of listing 11.14 and his RFC analysis. Tr. at 625-26. *See Rutherford v. Barnhart*, 399 F.3d 546, 556 (stating that an ALJ is only required to provide VE with hypotheticals that include credibly established limitations, and the hypotheticals need not include limitations that the ALJ did not find credible); *see, e.g., Zirnsak*, 777 F.3d at 615 (stating that ALJ need not submit *every* impairment to the VE, but rather, only those that the ALJ has found credible based on the record evidence). Accordingly, the Court finds that the ALJ properly included all of Plaintiff's credible limitations in his hypotheticals posed to the VE.

V.     **CONCLUSION**

For the foregoing reasons, the Court will affirm Defendant's decision. An appropriate Order accompanies this Opinion.

DATED: June 30, 2020

_____
**CLAIRE C. CECCHI, U.S.D.J.**